FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 2 0 2006

Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

UNITED STATES OF AMERICA,

vs.

LAURA DALLAS TIBBS a/k/a "Dallas"

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  06-CR-84-12-J

Hampton M. Young Jr.
Defendant's Attorney

THE DEFENDANT:    pleaded guilty to count(s) 1.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of  the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846, 841(a)(1) and (b)(1)(B) | Conspiracy to Possess With Intent to Distribute, and to Distribute Methamphetamine | 5/17/06 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No:  **09382-091**

10/17/06
Date of Imposition of Sentence

Alan B. Johnson
United States District Judge

10/20/06
Date

DEFENDANT: LAURA DALLAS TIBBS a/k/a "Dallas"                Judgment-Page <u>2</u> of <u>7</u>
CASE NUMBER: 06-CR-84-12-J

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months.

The Court makes the following recommendations to the Bureau of Prisons:

> The Court recommends the defendant be placed at a facility in Bryant, Texas to be near her daughter in Texas.  The Court also recommends the defendant participate in the Bureau of Prison's 500-hour Intensive Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By:   _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse as directed by the U.S. Probation Officer until such time as the defendant is released from the program by the U.S. Probation Officer.

The defendant shall submit to a mental health evaluation and adhere to any and all conditions of that evaluation.

DEFENDANT: LAURA DALLAS TIBBS a/k/a "Dallas"                    Judgment-Page 4 of 7
CASE NUMBER: 06-CR-84-12-J

The defendant shall submit his person, residence, office, or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

DEFENDANT: LAURA DALLAS TIBBS a/k/a "Dallas"                     Judgment-Page 5 of 7
CASE NUMBER: 06-CR-84-12-J

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2)   the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6)   the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LAURA DALLAS TIBBS a/k/a "Dallas"          Judgment-Page 6 of 7
CASE NUMBER: 06-CR-84-12-J

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|-------|------------|-------------|------|
| 1 | $100.00 | | $300.00 |
| **Totals:** | $100.00 | $0.00 | $300.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision.  The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or restitution.

DEFENDANT: LAURA DALLAS TIBBS a/k/a "Dallas"          Judgment-Page <u>7 of 7</u>
CASE NUMBER: 06-CR-84-12-J

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning the month following release from confinement, in monthly installments of not less than $100.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.